

UNITED STATES DISTRICT COURT OF THE

NORTHERN DISTRICT OF ILLINOIS

UNITED STATES V. ROY FLUKER III

CASE NO. 13CV 7643

JUDGE GARY FEINERMAN

MAGISTRATE JUDGE VALDEZ

MOTION FOR BOND PENDING APPEAL

The petitioner, Roy Fluker, III, is seeking relief through a bond pending appeal of his own recognizance, section 3142. The petitioner will prove by clear and convincing evidence that he is not likely to flee or pose a danger to the community, that the petitioner is not using the motion for the purposes of delay, that there is substantial question of law and facts that is likely to result in a reversal, an order for a new trial, or a reduced sentence less than the time already served plus the expected duration of the appeal process. The petitioner recognizes the legal obligation to use this power sparingly, but requests the court focus on the unique circumstances of this case and, to review all of the merits of the case, especially the merits that were only able to be presented through the habeas corpus 2255 because of major violation of his Sixth Amendment Right.

The petitioner does not have any history of criminal activity and has also been free of any disciplinary action in his time currently served in prison. The petitioner self surrendered to the McKean FCI on the date the court ordered and the petitioner is not likely to flee. The petitioner is not using his appeal for the purpose of delay because he is serving his 96 month sentence.

The petitioner presents four points which raises a substantial question of law and facts that will result in a reversal, new trial or a reduction in sentence. The first major issue is trial counsel, Attorney Jason Bruce, failure to find time to interview potential witnesses. The petitioner hired an investigator to interview a portion of the witnesses. The same witnesses interviewed were the ones the petitioner asked Attorney Jason Bruce to interview. Attorney Bruce failure to interview witnesses is a major violation of the petitioner's Sixth Amendment Right; a violation that a reasonable jury, District Judge or Appellate court was not able to review until now. The second issue raised, was counsels inability to review exculpatory evidence. Trial counsel claimed that lack of time and resources were the reasons why Attorney Bruce was not able to interview witnesses and investigate evidence; such as emails, legal documents, corporate paperwork, medical records and business relationships. These situations leads to the next issue, the petitioner asked trial counsel to withdraw as counsel and the motion was denied. The denial of the motion for withdrawal of counsel was an "abuse of discretion" and trial counsel was able to continue to violate the petitioner's Sixth Amendment Right to "due process". The last violation was counsel's inability to execute a plea bargain. The petitioner's codefendant, Ronnanita Fluker, shared that she was offered a plea deal by the government and

prosecutor. The petitioner asked for a plea deal also and the attorney refused to negotiate a plea deal. The courts has inherent authority to release him if the courts deem that the section 2255 will be successful. In this case with the plea bargain issue, the petitioner could end up serving more time in prison than legally appropriate. The trial attorney's failure to attempt to get a plea deal, which was the same deal offered to his codefendant, will lead to the petitioner serving the excess of time, recognizing the length of the appeal, the time served, good time received and halfway house time that would have been rendered.

The petitioner request that the courts review all the merits in the case and recognize the unique nature of the case; the fact that both judge and jury were not able to review exculpatory evidence and hear testimonies from witnesses to share first hand accounts of what actually happened.

The simple merits to this motion is the core facts that Attorney Jason Bruce was given a list of people (potential witnesses) to interview and he failed to interview them, whether it was for lack of time, funds or communication, it is ultimately a violation of the petitioner's sixth amendment right for counsel not only to interview the witness but compel them to testify as part of the compulsory process. Attorney Jason Bruce failed to review exculpatory evidence; which both the evidence and claims of counsel failure to interview witnesses is supported by affidavits, emails, medical records, and corporate paperwork. The affidavits are limited because of lack of financials to obtain affidavits from all the witnesses given to Attorney Bruce. These events led to the motion for withdrawal which the petitioner realized the relationship was unreconcilable because of the total lack of communication, the petitioner's failure to compensate counsel and counsel's lack of adequate time. Judge David Coar denied the motion and ordered the petitioner and counsel to work out an unsalvageable relationship. The final violation of the petitioner's right was when counsel failed to execute a plea bargain. The petitioner sought counsel to execute a plea bargain after conversing with Ronnanita Fluker about a plea and Attorney Bruce claimed that he would give the petitioner what he paid for, and since he is paying no money, expect nothing in return. Attorney Jason Bruce complained to other counsel of not being compensated and to the petitioner, which negatively affected the work which counsel was willing to perform. Ultimately, a plea was never executed. The petitioner received a letter from codefendant, Ronnanita Fluker, sharing how

she was offered a plea. The petitioner asked Attorney Bruce to secure a similar plea.

Finally the petitioner requests the courts to also consider that he has sarcoid and sarcoid uveitis. The sarcoid causes inflammation in the petitioner's joints which causes a severe level of pain and also can cause a failure in the petitioner's organs which can lead to death. This is a disease that must be monitored and taken very serious. The petitioner has witnessed this type of tragedy which led to the sarcoid causing total blindness in his right eye. In November 30, 2013 medical staff at the Federal Prison Camp Mckean stopped giving the petitioner his medication, which caused a high level of inflammation to occur in his right hand, which cause swelling and a high level of pain. The process of the petitioner not being able to take his medicine is the initial problem that causes his vision to go in his right eye. The petitioner takes his health extremely serious. The petitioner has written a number of correspondences to the medical doctors and his unit manager. He also filed an administrative remedy form (8), in which there has not been a response as of yet. The petitioner fears going blind and realize that the level one care facility that he is currently residing may not be suitable for the current medical and legal situation that he is in. The petitioner asks the court to take into consideration the extraordinary physical impairment that the petitioner suffers and the laws which speaks to this situation. (5H1.4) also the supplementing case laws. {55 F.3d 481 United States V. Fisher (10th cir.) May 1995}

The following is the case law which support the motion for a bond pending appeal of own recognizance.

347 F.3d 219 (United States ex rel. Hampton Leibach April 10, 2002)

-Counsel's failure to interview potential witnesses

-Judge ordered Hampton release from prisons

-Also, in this case, a bond pending appeal was granted

-Court recognize the petitioner rights to due process was violated

645 F.3d 830 (United States v. Sellers May 8, 2010 7th Circuit Court of Appeals)

-The defendants rights to counsel was violated

-The courts displayed an "abuse discretion"

_[signature]_

Signature

12/28/13

Date

McKean Correctional Institution

P.O. Box 8000

Bradford, PA 16701

Certificate of Service

I, Roy Fluker, III, swear under penalty of perjury that I served a copy of attached document (       ) by placing it in the mail at the McKean Correctional Center on  12/28/13

BP-A0148
JUNE 10
U.S. DEPARTMENT OF JUSTICE

**INMATE REQUEST TO STAFF** CDFRM

FEDERAL BUREAU OF PRISONS

| TO: (Name and Title of Staff Member) Kengersky / Ms Tronetti | DATE: 11/20/2013 |
|---|---|
| FROM: Roy Fluker | REGISTER NO.: 40534-424 |
| WORK ASSIGNMENT: Chapel | UNIT: |

SUBJECT: (Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary. Your failure to be specific may result in no action being taken. If necessary, you will be interviewed in order to successfully respond to your request.

Respectfully I have put in a couple correspondence about a refill of my prescription and have not been able to be successful. I have been dealing with sarcoid for 13 years and have loss all vision in one eye because of not taking the prescription that the doctors have ordered in the past, even when the sarcoid seems dormit, stopping the medicine causes the sarcoid to come back, but more infections and powerful. I can have my wife send my medical records, but I do not want to go blind in both eyes of course so please let me know the course of action to take.

(Do not write below this line)

DISPOSITION:

Signature Staff Member                    Date

Record Copy - File; Copy - Inmate

PDF                    Prescribed by P5511

This form replaces BP-148.070 dated Oct 86 and BP-S148.070 APR 94

FILE IN SECTION 6 UNLESS APPROPRIATE FOR Prescribed by FOLDER

**SECTION 6**

BP-A0148
JUNE 10
U.S. DEPARTMENT OF JUSTICE

**INMATE REQUEST TO STAFF** CDFRM

FEDERAL BUREAU OF PRISONS

| TO: (Name and Title of Staff Member) Dr. Walt | DATE: 11/26/2013 |
|---|---|
| FROM: Roy Fluker III | REGISTER NO.: 40534-424 |
| WORK ASSIGNMENT: Chapel | UNIT: E |

SUBJECT: (Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary. Your failure to be specific may result in no action being taken. If necessary, you will be interviewed in order to successfully respond to your request.

Respectfully Dr. Walt this is the second cop out for a refill on both the prenesodwe pill and eye drops.

I am at 0 refills now.

THANK YOU SO MUCH

(Do not write below this line)

DISPOSITION:

Prednisone pill is for sarcoidosis which is resolved on x-ray

Eric Asp, PA-C  Prednisone eye drop will need to be ordered by
FCI/FPC McKean   eye doctor - he approved this, watch callout for eye exam

| Signature Staff Member | Date 11/27/13 |
|---|---|

Record Copy - File Copy - Inmate
PDF
Prescribed by P5511

This form replaces BP-148.070 dated Oct 86 and BP-S148.070 APR 94

FILE IN SECTION 6 UNLESS APPROPRIATE FOR PRIVACY FOLDER

**SECTION 6**

BP-A0148
JUNE 10
U.S. DEPARTMENT OF JUSTICE

**INMATE REQUEST TO STAFF** CDFRM

FEDERAL BUREAU OF PRISONS

| TO: (Name and Title of Staff Member) | DATE: |
|---|---|
| Dr. Walt | 11/26/2013 |
| FROM: | REGISTER NO.: |
| Roy Fluker III | 40534-424 |
| WORK ASSIGNMENT: | UNIT: |
| Chapel | E |

SUBJECT: (Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary. Your failure to be specific may result in no action being taken. If necessary, you will be interviewed in order to successfully respond to your request.

Respectfully Dr. Walt this is the second cop out for a refill on both the prenesodwe pill and eye drop.
I am at 0 refills now.
Thank you so much

(Do not write below this line)

DISPOSITION:

Prednisone pill is for sarcoidosis which is resolved on x-ray

Prednisone eye drop will need to be ordered by eye doctor — he approved this, watch callout for eye exam

Eric Asp, PA-C
FCI/FPC McKean

Signature Staff Member | Date 1/27/13

Record Copy - File Copy - Inmate
PDF                    Prescribed by P5511

This form replaces BP-148.070 dated Oct 86
and BP-S148.070 APR 94

FILE IN SECTION 6 UNLESS APPROPRIATE FOR Prescribed FOLDER

**SECTION 6**

**U.S. DEPARTMENT OF JUSTICE**
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: _____
        LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT      INSTITUTION

**Part A– INMATE REQUEST**




_____                                        _____
        DATE                                                                        SIGNATURE OF REQUESTER

**Part B– RESPONSE**




_____                                        _____
        DATE                                                                       WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

**ORIGINAL: RETURN TO INMATE**                                         CASE NUMBER: _____

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
                                                                                                                                        CASE NUMBER: _____

**Part C– RECEIPT**
Return to: _____
          LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT      INSTITUTION
SUBJECT: _____

_____                                          _____
        DATE                                                            RECIPIENT'S SIGNATURE (STAFF MEMBER)

USP LVN                 Printed on Recycled Paper                                        BP-229(13)
                                                                                                                            APRIL 1982